UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH E. GODWIN (#143135),

    Petitioner,

v.    Case No.: 2:10cv491

HAROLD W. CLARKE[1],
Director, Virginia Department of Corrections

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On October 6, 2010, the Petitioner, Keith E. Godwin ("Godwin" or "Petitioner") filed in this Court a "Notice of Appeal" attaching a decision of the Supreme Court of Virginia which refused Godwin's petition for appeal of state law claims. After reviewing the attachments, the Court construed Godwin's filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and directed him to refile the claim on the appropriate form and pay a filing fee or submit a request to proceed in forma pauperis. (ECF No. 2).

---

[1] Harold W. Clarke, Director of the Virginia Department of Corrections, is the proper respondent to this petition for writ of habeas corpus and is hereby SUBSTITUTED as respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases. The Clerk is DIRECTED to update the docket sheet accordingly.

1

Godwin submitted a revised petition on November 5, 2010 (ECF No. 3) and paid the filing fee on November 9, 2010. Thereafter, the Court directed the Respondent to file appropriate responsive pleadings (ECF No. 5). On December 10, 2010, the Respondent filed a Rule 5 Answer and Motion to Dismiss, along with a Notice to Godwin of his rights to file a response in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). Godwin responded on December 23, 2010, (ECF No. 14) and the matter is now ripe for review.

Godwin's habeas petition essentially argues that he is being detained illegally because the Commonwealth has refused to produce to him records of his indictment, trial, and sentence arising out of a 1985 conviction in the Circuit Court for the City of Suffolk. (ECF No. 3, pp. 2 – 6). He claims the Suffolk Circuit Court initially denied the records existed, but later stated that they were at the Supreme Court of Virginia as a result of various appeals Godwin filed. (ECF No. 3-1, pp. 1 – 2; ECF No. 6-3). Although he argues various constitutional errors in his conviction and sentence, all of them relate to the Government's alleged inability to produce records of his Suffolk conviction and sentence. For example, he claims the Government's failure to produce a copy of his indictment indicates he was denied his constitutional right to indictment. (ECF No. 3, p. 24).

The respondent's pleading argues that Godwin's petition must be dismissed as a result of his failure to exhaust state remedies. Attached to the respondent's motion are 113 pages of exhibits, certified by the Clerk of the Supreme Court of Virginia to be the record of Godwin's state court filings related to the allegedly missing records.

The attached records included a notice of appeal dated March 5, 2010, originally directed to the Court of Appeals. This March 5, 2010 notice of appeal describes a different motion to

correct unlawful sentence which Godwin filed in Circuit Court for the City of Chesapeake. (See ECF No. 12-1, pp. 2 – 13). In the Chesapeake motion, Godwin complains that the trial court there incorrectly resolved his claim for records by forwarding to him copies of sentencing orders which he describes as having "no merit or basis whatsoever." (ECF No. 12-1, p. 6).

Godwin apparently filed a similar notice of appeal on March 17, 2010, related to his motion to correct unlawful sentence, and motion for a hearing for lost records filed in the Suffolk Circuit Court. (See ECF No. 12-2, pp. 12 – 15). The Suffolk Appeal claims the court could not locate records of Godwin's conviction, and argues as a result his sentence is illegal and void. The Supreme Court file makes clear that Godwin alleged recordkeeping defects in both Chesapeake and Suffolk, which he now claims call his current incarceration into doubt.

As relevant here, the records reveal that the Suffolk case began on October 26, 2009, when Godwin filed a motion to correct unlawful sentence in the Suffolk Circuit Court. The motion was premised on Godwin's inability to secure copies of state court records of his conviction. The Suffolk Court summarily denied the motion and Godwin appealed to the Court of Appeals, which transferred the case to the Supreme Court of Virginia on May 20, 2010. Along with Godwin's underlying appeal, the Court of Appeals' transfer included numerous motions, including Godwin's motion for appeal bond, motion to suppress documentation, motion to suppress evidence, and motion for a transcribed record. (ECF No. 12-3, pp. 16-25). The Supreme Court of Virginia denied all these motions on June 3, 2010, (ECF No. 12-4, pg. 12) and refused Godwin's appeal on September 17, 2010. (ECF No. 12-5, p. 3).

The respondent argues that Godwin's habeas petition in this Court must be dismissed because he has failed to present the claims addressed in his habeas petition to the state's highest court. After reviewing the record of Godwin's appeals in state court and his 30-page federal

habeas petition, the undersigned agrees with respondent that Godwin has not exhausted his current claims.

"Exhaustion is a matter of comity to the state courts and failure to exhaust requires dismissal from federal court so that a petitioner may present his claims to the state court. Sparrow v. Director, 439 F. Supp. 2d 584, 587 (E.D. Va.) (citing 28 U.S.C. 2254(b)) and Granberry v. Greer, 481 U.S. 129, 134, 107 S.Ct. 1671 (1987). For state prisoners in Virginia, this requires that the petitioner present the factual and legal claims raised in the habeas petition to the Supreme Court of Virginia either by way of direct appeal, a state habeas petition, or appeal of a Circuit Court's denial of a habeas petition. Sparrow, 439 F. Supp. 2d at 587.

"In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." Baker v. Corcoran, 220 F.3d 276, 291 (4th Cir. 2000); see Castille v. Peoples, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is not satisfied "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor") (internal quotation omitted). Fair presentation means that a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." O'Sullivan, 526 U.S. at 844. Fair presentation does not require that the highest state court actually decide a properly presented issue, just that it be given the opportunity to do so. See Baker, 220 F.3d at 291 ("That the . . . court possesses discretion to decline to review such claims does not mean that they are unexhausted.").

Here, Godwin's habeas petition raises claims which differ markedly from those addressed in his state court appeals. Unlike his state court pleadings, Godwin's habeas petition in this Court claims a variety of constitutional errors resulting from the Government's alleged inability to produce records of his prior conviction. For example, he argues that the Commonwealth's failure to provide him with a written record of his trial and conviction suggests the state violated constitutional and statutory rights to a preliminary hearing, indictment, right to counsel and right to a jury trial. (ECF No. 3, pp. 21 - 29). Leaving, for now, the merits of these arguments, it is sufficient to note they are fundamentally different from the claims presented to the Virginia courts by Godwin's motions to correct unlawful sentence and motions to prove lost documents. In those pleadings Godwin primarily sought to compel production of records, and argued that his sentence was improper based solely upon the government's alleged inability to produce a sentencing document. The trial court did not address any constitutional claims which may flow from what he now claims is the Commonwealth's inability to produce these records. As a result, the Supreme Court's refusal to entertain his appeal of those state proceedings does not satisfy the exhaustion requirement.

Ordinarily, failure to exhaust a claim would result in the petition being dismissed without prejudice. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). As it appears, Godwin would not be precluded from raising habeas claims in state court which arise out of the courts' denial of his present claims for relief, the undersigned recommends that Godwin's petition for writ of habeas corpus in this Court be DISMISSED without prejudice.

5

## II. RECOMMENDATION

For the foregoing reasons the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Godwin's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice.

## III. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

                                           /s/
                              Douglas E. Miller
                              United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 25, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Keith E. Godwin
#143135
Lunenburg Correctional Center
P. O. Box 1424
Victoria, VA 23974

Richard Carson Vorhis
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,

Clerk of Court

By: _____
Deputy Clerk

4/26, 2011